UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


FRANCIS HORVATH,                          :
                                          :
                    Petitioner            :
                                          :        NO. 3:CV-06-1756
          -vs-                            :
                                          :        (Judge Kosik)
                                          :
EDWARD J. KLEM,                           :
Superintendent, et al.,                   :
                    Respondents           :


## MEMORANDUM

Petitioner, Francis Horvath, an inmate currently confined at the State Correctional Institution at Mahanoy (SCI-Mahanoy) filed the instant petition for writ of habeas corpus on September 8, 2006. Named as respondents were Edward J. Klem, Superintendent, and the Pennsylvania State Attorney General. A response to the petition was filed on June 18, 2007. Petitioner filed a traverse on June 29, 2007. The matter is now ripe for disposition. For the reasons which follow, the petition will be denied.

### Background

The facts of this case are extracted from the opinion of the Pennsylvania Superior Court dated May 5, 2006, *Commonwealth v. Horvath*, NO. 684 MDA 2005 (Pa.Super), which addressed petitioner's petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-9546:

> [Appellant was convicted] on the charges of rape, sexual assault, aggravated indecent assault, and indecent assault following a jury trial that occurred on September 29 and September 30, 1999. The factual events introduced at trial indicate that the victim

in this case sought out an individual to
sublet her student apartment during the late
spring of 1999.  After being unsuccessful in
her attempts to find a fellow student to
sublet her apartment, the victim branched out
and advertised throughout the community.
[Appellant] responded to the sublet
advertisement.

The victim and [Appellant] entered into a
sublet agreement, and [Appellant] moved into
the residence.   The victim was supposed to
move into another apartment with a friend ...
but shortly after [Appellant] moved into the
residence, the victim stayed an additional
night in the residence in the room of a
friend.   That night the victim awoke to find
her clothing disheveled, and [Appellant] was
sitting next to her, on the bed, putting on
his shirt.

[Appellant] was initially represented by
Attorney Ron Rojas of the Centre County Public
Defender's Office.  His case was subsequently
transferred to Attorney Deborah Lux also of
the Centre County Public Defender's Office.
Attorney Lux was the primary attorney
responsible for [Appellant's] case.  As part
of her representation of [Appellant], Attorney
Lux filed an Omnibus Pre-Trial Motion in which
she sought the suppression of a number of
statements made by [Appellant].   In addition
to filing the Omnibus Motion, Attorney Lux
discussed trial strategy with [Appellant],
including the possible use of character
witnesses.  Attorney Lux met with [Appellant]
on September 17, 1999, to discuss possible
trial witnesses. [Appellant] suggested Pastor
Joel T. Blunk as a possible character witness
for him.   Attorney Lux interviewed Pastor
Blunk to assess his potential as a character
witness but ultimately determined he would not
be a suitable character witness.

Also during the September 17, 1999 meeting,
Attorney Lux conveyed to [Appellant] a plea
agreement offer made by the Centre County
District Attorney's Office.  In exchange for a
plea of guilty to a single count of Sexual
Assault under 18 Pa.C.S.A.   3124.1, the
Commonwealth would recommend a sentence of two
(2) to four (4) years in a state correctional

> facility.   Attorney Lux asked [Appellant]
> whether he had any questions regarding the
> plea agreement that had been proposed.
> [Appellant] maintained his innocense [sic] and
> declined the plea offer early on in the
> meeting of September 17.

PCRA Court Opinion, 3/21/05, at 2-3.

On October 1, 1999, a jury found petitioner guilty of rape, 18 Pa.C.S.A. §3121(a)(3); sexual assault, 18 Pa.C.S.A. §3124.1; aggravated indecent assault, 18 Pa.C.S.A. §3125(a)(4); and indecent assault, 18 Pa.C.S.A. §3126(a)(4).  On November 1, 1999, the trial court sentenced petitioner to an aggregate sentence of five to ten years of incarceration.  The judgment of sentence was affirmed by the Pennsylvania Superior Court on April 11, 2001 and the Pennsylvania Supreme Court denied allowance of appeal on August 28, 2001.   *Commonwealth v. Horvath*, 778 A.2d 734 (Pa.Super. 2001), *appeal denied*, 784 A.2d 115 (2001).

On August 8, 2002, petitioner, acting *pro se*, filed a PCRA petition.   The PCRA court appointed counsel to represent petitioner.  An evidentiary hearing was held on December 20, 2004. The PCRA court denied the petitioner's petition on March 21, 2005. On May 5, 2006, the Pennsylvania Superior Court affirmed. Petitioner's request for leave to file a Petition for Allowance of Appeal Nunc Pro Tunc was denied by the Pennsylvania Supreme Court.[1]

---

[1] It appears from the record that petitioner's PCRA appointed counsel failed to file a timely petition for allowance of appeal on petitioner's behalf.  A subsequent request for leave to file the petition for allowance of appeal nunc pro tunc was denied by the Pennsylvania Supreme Court on July 31, 2006.

The instant petition for writ of habeas corpus was filed on September 8, 2006, along with the $5.00 filing fee and a Memorandum of Law in support thereof. In his petition for writ of habeas corpus, petitioner raises claims of ineffective assistance of counsel against his trial counsel and PCRA counsel. On June 18, 2007, respondent filed a response to the petition for writ of habeas corpus. Petitioner filed a "Rebuttal to State Fact Finding" on June 29, 2007. The matter is ripe for disposition.

## Discussion

In his first ground in support of his petition for writ of habeas corpus, petitioner argues that his PCRA counsel was ineffective in failing to file a timely appeal with the Pennsylvania Supreme Court. Specifically, petitioner asserts that his PCRA counsel missed the deadline for filing his notice of appeal in the Pennsylvania Supreme Court and a petition for leave to file a petition for allowance of appeal nunc pro tunc was denied. Petitioner raises PCRA counsel's actions in the context of addressing the issues of the statute of limitations and exhaustion.

In response to the petition for writ of habeas corpus, respondent concedes the timeliness of the instant petition and states that it was filed within the applicable one-year statute of limitations. Because respondent concedes that the instant petition was timely filed, we will address the merits of petitioner's claims.[2]

---

[2]We note that the issue of the statute of limitations is an affirmative defense that can be waived. Respondents concede the timeliness of the instant petition and we will accept

The first ground raised by petitioner concerns the ineffectiveness of his PCRA counsel. Petitioner appears to raise this ground in order to invoke the principle of equitable tolling of the statute of limitations and in order to explain the failure to present his PCRA petition to the Pennsylvania Supreme Court. As noted above, respondent concedes the timeliness of the petition. However, respondent argues that petitioner did not exhaust his claim that his PCRA counsel was ineffective in that the instant petition is the first time that petitioner has raised this issue. In his "Rebuttal to State Fact Finding," petitioner acknowledges that the ineffectiveness claim against his PCRA counsel was not exhausted, however, he "moves to drop the issue."[3]

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that the district court should allow a petitioner to delete the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. Petitioner alludes to the amount of time that would be expended in pursuing another PCRA petition. We will allow petitioner to withdraw the unexhausted claim raised in the instant petition, and we will proceed with petitioner's exhausted state claim.[4]

---

respondent's determination. *See*, *United States v. Bendolph*, 409 F.3d 155 (3d Cir. 2005).

[3]*See*, Document 29, p.3.

[4]Petitioner's second ground which relates to the effectiveness of his trial counsel was raised in his state court PCRA motion. While exhaustion of this claim has not been raised by respondent, we find it to be exhausted. Pursuant to

In his second ground, petitioner argues that he was denied effective assistance of counsel at trial because his trial attorney failed to properly inform him of a plea bargain offer. Specifically, petitioner argues that a plea offer was communicated to his counsel and that while she told him of the offer, she failed to explain the terms and ramifications of the offer to him. Petitioner raised this issue in a PCRA petition and it was addressed by the trial court and the Pennsylvania Superior Court.

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). To establish that the decision was "contrary to" federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must

Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Superior Court are considered exhausted for the purpose of federal habeas corpus relief. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004). The claim petitioner presented to the Superior Court in his PCRA petition, the same claim presented in the instant petition, is considered exhausted. Thus, we will proceed to address the merits of petitioner's claim.

demonstrate that Supreme Court precedent requires the contrary outcome." _Matteo v. Superintendent_, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." _Id._, at 890. Further, factual determinations made by the state court are "presumed to be correct." 28 U.S.C. §2254(e)(1). A petitioner may only rebut this presumption with "clear and convincing evidence" of the state court's error. _Id._

In addressing ineffective assistance of counsel claims, the "clearly established federal law" applicable to these claims is the familiar two-pronged inquiry the United States Supreme Court articulated in _Strickland v. Washington_, 466 U.S. 668, 688 (1984). In _Strickland_, that Court stated that two questions must be addressed in determining a claim for ineffective assistance of counsel: (1) was counsel's performance deficient, and (2) did the deficient performance prejudice the defense? Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." _Id._ at 687. _See also_, _Frey v. Fulcomer_. 974 F.2d 348, 353 (3d Cir. 1992)("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different."). On habeas corpus review, the pertinent inquiry is whether the state court decision is contrary to, or an objectively unreasonable application of, Supreme Court

precedent.  *Rompilla v. Horn*, 355 F.3d 233, 250 (3d Cir. 2004), reversed on other grounds, 545 U.S. 374 (2005).

With these standards in mind, we will review the instant record.  In his petition, petitioner argues that his trial attorney was presented with a plea offer by the District Attorney.  Specifically, petitioner alleges that his counsel was offered a sentence of two to four years in a state correctional institution if the petitioner pled guilty to sexual assault.  Petitioner asserts that while his counsel told him of the existence of the offer of two to four years, he wasn't advised of the implications, nor was he advised of the maximum sentence he could receive if he was convicted.  Petitioner states that defense counsel told petitioner that they had a good chance of winning the case at trial, and that she did not elaborate on the plea offer.

Petitioner presented this argument to the PCRA court.  A PCRA hearing was conducted on December 20, 2004 wherein both petitioner and his trial counsel testified.[5]  The PCRA court determined that based on the testimony presented by defense counsel at the PCRA hearing, she informed petitioner of the plea offer, that he maintained his innocence, that from a defense standpoint she thought that the case was winnable, and that petitioner did not claim that had the plea offer been explained to him more thoroughly, he would have accepted it.  Thus, the PCRA court

---

[5]We note that petitioner has included as an exhibit the transcript from his Post Conviction Relief Act hearing in the Court of Common Pleas of Centre County.  *See*, Document 19.

-8-

determined that the petitioner was not prejudiced by his trial counsel's less-than-thorough discussion of the plea offer.

In discussing petitioner's claims of ineffective assistance of counsel, both the PCRA court and the Superior Court applied the three-part standard set forth by the Pennsylvania courts. In addressing petitioner's argument, the Superior Court of Pennsylvania stated:

> Appellant contends that his trial counsel failed to properly inform him of the terms of a plea agreement offer and the merits of the offer as compared against proceeding to trial. Appellant asserts that the plea agreement offer extended by the Commonwealth included a prison term of two to four years. Appellant states that, because he opted to proceed to trial and was convicted, he was sentenced to five to ten years' imprisonment.
>
> Appellant argues that his trial counsel failed to give him professional advice regarding the relative sentences. He claims that his trial counsel's failure to adequately explain the plea agreement offer caused him to operate under a misconception that, if he went to trial and was convicted, the two to four year prison sentence of the plea agreement offer would be imposed. Thus, Appellant argues that he was unable to make an informed choice regarding whether to accept the plea offer because of ineffective assistance of his trial counsel.

The Superior Court then discussed Pennsylvania case law that dealt with a situation where an appellant was contending that his counsel's ineffective assistance resulted in his decision regarding whether to enter a plea agreement, citing *Commonwealth v. Chazin*,

873 A.2d 732 (Pa.Super. 2005). The Court held that the appellant must establish the prejudice prong of the ineffectiveness test.[6]

In addressing the instant petitioner's claims, the Superior Court held that their review of the record supported the PCRA court's findings that petitioner was not prejudiced by any failure on the part of his trial counsel with regard to the plea agreement. In particular, the court referred to trial counsel's testimony that petitioner maintained his innocence during pretrial discussions and that petitioner never stated during his testimony at the evidentiary hearing that he would have accepted the plea offer had counsel explained it to him more thoroughly. The court concluded that they agreed with the PCRA court that petitioner failed to demonstrate that he was prejudiced by trial counsel's representation with regard to the plea agreement offer.

Petitioner advances no argument that the Superior Court decision affirming the denial of PCRA relief is contrary to extant United States Supreme Court precedent. In this regard, petitioner does not maintain that the ineffective assistance test applied by the state court is inconsistent with the test established in _Strickland_ and developed in its progeny. The Third Circuit Court

---

[6]The Pennsylvania courts have established a three-pronged test for determining ineffective assistance of counsel. Under Pennsylvania law, claims of ineffective assistance of counsel may provide grounds for relief only where the petitioner establishes that: (1) his underlying claim is of arguable merit, (2) counsel lacked any reasonable basis for the act or omission alleged, and (3) that the petitioner was prejudiced as a result, _i.e._, that there is a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different. _Commonwealth v. Chazin_, 873 A.2d 732, 735 (Pa.Super. 2005).

of Appeals has held that "a state court decision that applied the Pennsylvania test did not apply a rule of law that contradicted *Strickland* and was thus not 'contrary to' established Supreme Court precedent." *Rompilla*, 355 F.3d at 250, citing *Werts v. Vaughn*, 228 F.3d 178, 202-04 (3d Cir. 2000). The Pennsylvania Superior Court applied the governing Pennsylvania test in this case, and its decision, therefore cannot be regarded as "contrary to" Supreme Court rulings.

The dispositive question, then, is whether the Superior Court's ruling at issue here reflects an unreasonable application of the *Strickland* test. To carry his burden, Petitioner "must demonstrate that 'the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*.'". *Rompilla*, 355 F.3d at 250.

This court finds that the state court decision rejecting petitioner's claim, evaluated objectively and on the merits, did not result in an outcome that cannot reasonably be justified under *Strickland*. A PCRA hearing was conducted wherein both petitioner and his counsel testified. A review of this transcript supports the state court's finding that counsel told petitioner about the plea agreement. The state court found that trial counsel's failure to more thoroughly explain the plea offer was based on the petitioner's claim of innocence and counsel's belief that the case was winnable. The analysis of the testimony from the PCRA hearing, as set forth by the PCRA court and reviewed by the Superior Court, that petitioner never indicated that he would have accepted the

-11-

plea, and foregone trial, had his trial counsel more thoroughly explained the plea to him, fully supports the Superior Court's finding that petitioner failed to demonstrate that he was prejudiced by trial counsel's representation with regard to the plea agreement offer. Accordingly, we find petitioner's ineffective assistance of counsel claim to be without merit.

For all the foregoing reasons, the instant petition for writ of habeas corpus will be **DENIED**. An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANCIS HORVATH,                          :
                                          :
                    Petitioner            :
                                          :        NO. 3:CV-06-1756
          -vs-                            :
                                          :        (Judge Kosik)
                                          :
EDWARD J. KLEM,                           :
Superintendent, et al.,                   :
                    Respondents           :

## ORDER

NOW, THEREFORE, THIS $31^{of}$ DAY OF AUGUST, 2007, in accordance

with the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

     1.  The petition for writ of habeas corpus is **DENIED**.

     2.  The Clerk of Court is directed to **CLOSE** this case.

     3.  Based on the court's conclusions herein, there is no basis

for the issuance of a certificate of appealability.

                                   _____
                                   Edwin M. Kosik
                                   United States District Judge